**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK LAWRENCE,**

                                            **Plaintiff,**

         **vs.**                                                                 **8:24-CV-656**
                                                                                  **(MAD/DJS)**

**DETECTIVE SHATTICK, et al.,**

                                            **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**PATRICK LAWRENCE**
24-B-3717
Cape Vincent Correctional Facility
Route 12E
PO Box 739
Cape Vincent, New York 13618
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

        On May 14, 2024, *pro se* Plaintiff Patrick Lawrence commenced this action against

Defendants Detective Shattick, St. Lawrence County Correctional Facility ("St. Lawrence

C.C.F."), St. Lawrence County Sheriff's Department (the "Sheriff's Department"), Deputy

Yerdon, Deputy Tate, Deputy Merria, Deputy Bundette, Sgt. G. Anderson, James Mcgahan,

Bradford Reindeau, Thomas Farrell, Greg Storie, Brooks Bigwarfe, Peggy Harper, Tim Amos,

Nurse Kerrigan, Chief Nurse Mayo, Chief Nurse Anita Scott, Sgt. Clary, Nurse 1-100,

Correctional Officer 1-100, Kim Richards, K. Hillbourne, Yolanda Thompson, Sara Charpentier,

Allison Applebe, and Deputy 1-100 (collectively, "Defendants"), bringing claims for violations of

his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, violation of the Americans with Disabilities Act[1] ("ADA") and Rehabilitation Act[2] ("RA"), as well as state law claims. *See* Dkt. No. 1.

On September 23, 2024, Magistrate Judge Daniel Stewart issued a Report-Recommendation and Order ("R&R"), recommending that (1) "Plaintiff's Complaint be DISMISSED with prejudice as to Plaintiff's fourth, fifth, seventh, fourteenth, fifteenth, and seventeenth causes of action, as well as, all Eighth Amendment claims, and Defendants Storie, Charpentier, Reindeau, Farrell, Mcgahan, and [St. Lawrence C.C.F.]"; (2) "Plaintiff's sixth, eighth, ninth, tenth, eleventh, [twelfth], and thirteenth causes of action be DISMISSED with leave to amend"; and (3) Plaintiff's first, second, third, and sixteenth causes of action be permitted to proceed and Defendants be directed to respond." Dkt. No. 11 at 14 (emphasis omitted). Magistrate Judge Stewart also denied Plaintiff's motion for appointment of counsel. *See id.* at 12-14. On December 13, 2024, Plaintiff filed objections to the R&R, which he labels "Amendments and Objections." Dkt. No. 14.[3] On December 29, 2024, Plaintiff filed exhibits and medical records in support of his "Amendments and Objections." *See* Dkt. Nos. 15, 16. For the reasons that follow, the R&R is adopted as modified herein.

## II. BACKGROUND

---

[1] *See* 42 U.S.C. §§ 12101-213.

[2] *See* 29 U.S.C. § 794.

[3] Plaintiff's objections are sixty pages. *See* Dkt. No. 14. Local Rule 71.2(c) instructs that "[o]bjections may not exceed twenty-five (25) pages without the Court's prior approval." N.D.N.Y. L.R. 72.1(c). The Court will consider the entirety of Plaintiff's objections because he is proceeding *pro se.* However, the Court warns Plaintiff that future compliance with the Federal Rules, the Court's Local Rules, and the undersigned's Individual Rules is required.

For a recitation of the background, the parties are referred to the R&R. *See* Dkt. No. 11 at 4.

## III. DISCUSSION

### A.    Standard of Review

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). The district court may also, in its discretion, review recommendations *de novo* even when a party has failed to object or merely asserts general or conclusory objections. *See U.S. v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997) ("Although [the] defendant did not object to the magistrate judge's recommendation, . . . [t]he record indicates that the district court made a *de novo* determination of the Report and Recommendation . . . . The court's review was well within its discretion") (citing *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989)). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Court is obligated to "make reasonable allowances to protect *pro se* litigants from

inadvertent forfeiture of important rights because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In general, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotations and citation omitted). In addition, the court should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had the opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). An opportunity to amend, however, is not required where "the problem with plaintiff's cause of action is substantive such that better pleading will not cure it." *Townsend v. Pep Boys, Manny Moe and Jack*, No. 1:13-CV-293, 2014 WL 4826681, *2 (N.D.N.Y. Sept. 29, 2014) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (internal quotations marks omitted).

**B.    Amendment**

Magistrate Judge Stewart recommends granting Plaintiff leave to amend his complaint as to his sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action. *See* Dkt. No. 11 at 14. Plaintiff asserts that, through his objections, he amends some or all of these causes of action. *See* Dkt. No. 14. A plaintiff may not amend his or her factual allegations though objections to an R&R. *See Lombardi v. Choices Women's Med. Ctr., Inc.*, No. 15-CV-05542, 2017 WL 1102678, *3 (E.D.N.Y. Mar. 23, 2017) ("Plaintiff cannot assert a new argument or amend her factual allegations through objections to an R & R") (citing *Yao Wu v. BDK DSD*, 2015 WL 5664534, *1 (E.D.N.Y. Sept. 22, 2015)). Therefore, although Plaintiff will be granted leave amend his complaint for the reasons discussed below, the Court declines to consider the

proposed amendments contained within Plaintiff's objections.

**C.      Plaintiff's Objections**

Plaintiff does not object to Magistrate Judge Stewart's recitation of the allegations set forth

in Plaintiff's complaint. *See* Dkt. No. 14. The Court finds no clear error in the factual

background set forth in Magistrate Judge Stewart's R&R and will rely on it throughout this Order.

*See* Dkt. No. 11 at 4.

Throughout his objections, Plaintiff reiterates and expands upon his factual allegations,

however, he fails to specifically object to many of the procedural deficiencies identified by

Magistrate Judge Stewart. *See* Dkt. No. 14. Thus, the majority of the R&R is subject to review

for clear error because Plaintiff's objections are conclusory and general. *See Brown v. Peters*, No.

95-CV-1641, 1997 WL 599355, *2 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir.

1999) ("Even affording the objections the liberal reading required for *pro se* pleadings, I find that

these objections fail to state any basis whatsoever, much less a specific one, for the court not to

adopt the magistrate judge's rulings. They simply re-state the relief sought and the facts on which

[the plaintiff] grounds his complaint and conclude that the magistrate judge's conclusions are

wrong. When the parties make only frivolous, conclusive, or general objections, the court

reviews the report-recommendation for clear error") (collecting cases). The Court, however, will

exercise its discretion to review the R&R *de novo*. *See Nicosia v. Amazon.com, Inc.*, 384 F. Supp.

3d 254, 263 (E.D.N.Y. 2019), *aff'd*, 815 Fed. Appx. 612 (2d Cir. 2020) ("[T]he Court, in its

discretion, may also review [sections of an R&R not objected to] *de novo*") (citing *Mathews v.*

*Weber*, 423 U.S. 261, 270-71 (1976)).

**D.      Eighth Amendment Claims**

Magistrate Judge Stewart first recommends dismissing, with prejudice, Plaintiff's claims

purportedly brought pursuant to the Eighth Amendment because Plaintiff's allegations pertain to his detention without a conviction and, therefore, do not implicate the Eighth Amendment. *See* Dkt. No. 11 at 5. Plaintiff does not raise specific objections to this recommendation. *See* Dkt. No. 14. Nevertheless, even reviewing the recommendation *de novo*, the Court finds no error.

Indeed, "the Eighth Amendment does not apply 'until after conviction and sentence.'" *Wright v. N.Y. City*, No. 09-CV-2452, 2012 WL 4057958, *3 (E.D.N.Y. Sept. 14, 2012) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)). Plaintiff's claims are premised on allegations related to a traffic stop, arrest, detainment, and pre-conviction court proceedings, *see* Dkt. No. 11 at 4, and, therefore, to the extent Plaintiff states claims pursuant to the Eighth Amendment, the Court adopts Magistrate Judge Stewart's recommendation that such claims be dismissed with prejudice, *see id.* at 5.

**E.     Immunity and State Action**

*1. Judicial Immunity*

Magistrate Judge Stewart recommends dismissing all claims asserted against Defendant Storie because he is immune from suit for actions taken in the performance of his judicial duties. *See id.* Plaintiff objects to the application of judicial immunity to his claims against Defendant Storie, arguing that Defendant Storie violated the constitution throughout Plaintiff's criminal court proceedings. *See* Dkt. No. 14 at 54-57 (asserting that Defendant Storie, among other things, "lied on the 730 order" and "silenced [Plaintiff] in his court room in violation of the [First] Amendment"). Plaintiff's arguments merely rehash the allegations in his complaint. *See* Dkt. No. 1 at 19-20.

Exercising its discretion to review this section of the R&R *de novo*, the Court finds no error. "'[J]udges generally have absolute immunity from suits for money damages for their

judicial actions' and 'even allegations of bad faith or malice cannot overcome judicial immunity.'" *Tewari v. Sattler*, No. 23-36-CV, 2024 WL 177445, *1 (2d Cir. Jan. 17, 2024) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)). "Judges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction . . . . The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quotations and internal quotation marks omitted).

Here, Defendant Storie's alleged actions fall squarely within acts undertaken within his judicial jurisdiction and Plaintiff's claims are, thus, barred by judicial immunity. *See Tewari*, 2024 WL 177445, at *1 (affirming application of judicial immunity to claims against a defendant state court judge for alleged violation of the plaintiff's "constitutional rights in connection with various rulings she made during the course of the proceedings"). Accordingly, the Court adopts Magistrate Judge Stewart's recommendation that the claims against Defendant Storie be dismissed with prejudice. *See* Dkt. No. 11 at 5-6, 14.

### 2. Prosecutorial Immunity

Magistrate Judge Stewart recommends dismissal of the claims against Defendant Charpentier, on the basis of prosecutorial immunity, because "Plaintiff alleges that Defendant Charpentier violated his rights during the presentation of [Plaintiff's criminal] case to the grand jury and in court proceedings." *Id.* at 6 (citing Dkt. No. 1 at 12-15). Plaintiff asserts objections to Defendant Charpentier's dismissal at various points in his sixty-page filing, including, as to his fourth cause of action for "conspiracy," that Defendant Charpentier should not be dismissed because she "attempted to take advantage of [Plaintiff's] mental health disorders and poverty when [she] did conspire to deprive [Plaintiff] of his right to freedom, travel, life, liberty, property,

equal protection of the law, and due process," and because Defendant Charpentier lied to, and fabricated evidence presented to, the grand jury. Dkt. No. 14 at 35-39. [4] Despite Plaintiff's policy arguments regarding the doctrine of prosecutorial immunity, all of Defendant Charpentier's alleged conduct occurred while she performed her duties as a prosecutor. *See, e.g.*, Dkt. No. 1 at 12-15.

The Court agrees with Magistrate Judge Stewart that the claims against Defendant Charpentier are barred by prosecutorial immunity because this immunity extends to "prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process.'" *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 530 (2d Cir. 1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "A plaintiff's allegations that a prosecutor violated speedy trial rights, withheld exculpatory evidence, charged a defendant without probable cause, and engaged in prosecutorial misconduct have all been found to be actions that fall within the scope of prosecutorial immunity." *Ramsey v. Smith*, No. 1:19-CV-54, 2020 WL 4053728, *3 (S.D. Miss. July 20, 2020) (citations omitted). Moreover, "[t]he presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute

---

[4] Plaintiff also "urges the Honorable Court to remember that[,] due to the overwhelming evidence[,] 18 U.S.C. § 242 does not allow unconstitutional conduct to go unchecked." Dkt. No. 14 at 35. Plaintiff mentions 18 U.S.C. § 242 at other points in his objections, including in his objection to the dismissal of Defendant Storie. *See id.* at 54-57. However, 18 U.S.C. § 242 is a federal criminal statute that does not create a private right of action. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Therefore, Plaintiff is advised that he cannot bring a claim pursuant to 18 U.S.C. § 242. Plaintiff also mentions other criminal statutes throughout his objections, such as New York State Penal Law § 20.20. *See* Dkt. No. 14 at 3. Plaintiff is advised that he cannot bring civil causes of action pursuant to federal or state criminal statutes and that, if he includes such claims in any amended pleading, they will be subject to dismissal. *See Ming v. Brouillete*, No. 6:23-CV-0086, 2023 WL 5779558, *3 (N.D.N.Y. Apr. 7, 2023*), report and recommendation adopted*, 2023 WL 5444485 (N.D.N.Y. Aug. 24, 2023) ("There is no private right of action to enforce state or federal criminal statutes") (collecting cases).

immunity." *Maglione v. Briggs*, 748 F.2d 116, 118 (2d Cir. 1984). Plaintiff's allegations regarding conspiracy between Defendant Charpentier and other defendants does not overcome Defendant Charpentier's prosecutorial immunity, as "a conspiracy claim also falls within the ambit of absolute prosecutorial immunity." *Soley v. Cnty. of Nassau*, No. 18-CV-377, 2022 WL 2954055, *7 (E.D.N.Y. July 26, 2022); *see Hill v. City of N.Y.*, 45 F.3d 653, 661 (2d Cir. 1995) (holding that a prosecutor was absolutely immune from suit for "conspiring to present falsified evidence to . . . a grand jury").

For these reasons, the Court finds no error in, and adopts, Magistrate Judge Stewart's recommendation that the claims against Defendant Charpentier be dismissed with prejudice.

## F.    Section 1983

### 1. *State Action*

Magistrate Judge Stewart recommends dismissal of Plaintiff's claims against Defendants Reindeau, Farrell, Mcgahan and Applebe (hereinafter the "Defense Counsel Defendants"), who acted as counsel for Plaintiff during his criminal proceedings, because the Defense Counsel Defendants are not state actors. *See id.* at 6-7.[5] Plaintiff argues that the Defense Counsel Defendants should not be dismissed because "[h]ad it not been for a proceeding brought by the 'People of the State of New York' [he] never would have come across these individuals[, t]hey are licensed to 'practice' by the State Bar Association[, t]hey draw their funds and fees from State backed support[, and t]hey are regulated by the State 'Rules of Professional Conduct.'" Dkt. No.

---

[5] Magistrate Judge Stewart also recommends dismissal of the fourteenth cause of action, brought against the Defense Counsel Defendants, because 42 U.S.C. § 1983 is not the appropriate vehicle to bring a claim for ineffective assistance of counsel. *See* Dkt. No. 11 at 7. The Court agrees. *See Welch v. Schenectady Cnty.*, No. 1:22-CV-9, 2022 WL 3904113, *2 (N.D.N.Y. Aug. 10, 2022), *report and recommendation adopted*, 2022 WL 3908798 (N.D.N.Y. Aug. 30, 2022) ("In addition, a section 1983 action 'is not the appropriate vehicle to raise a claim of ineffective assistance of counsel'") (quotation omitted).

14 at 53.  Plaintiff argues that, for these reasons, "how anyone can come up with [']Public Defenders are not state actors['] is far reaching for a man of reasonable understanding."  Dkt. No. 14 at 53 (quotation marks omitted).

Courts routinely dismiss claims against public defenders and public defenders' offices because they are not state actors or persons under Section 1983.  *See Tapp v. Champagne*, 164 Fed. Appx. 106, 108 (2d Cir. 2006) ("A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid Attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position").

Plaintiff alleges that that the Defense Counsel Defendants violated the Sixth Amendment because they failed to provide him with adequate representation and violated the Fourteenth Amendment by conspiring to present fabricated evidence to the grand jury in his criminal proceeding.  *See* Dkt. No. 1 at 12-15, 22.  The Defense Counsel Defendants are not state actors and, thus, the Court adopts Magistrate Judge Stewart's recommendation that the claims against these defendants, brought pursuant to Section 1983, be dismissed with prejudice.[6]

### 2. False Arrest and False Imprisonment

---

[6]  Specifically, the fourteenth cause of action is dismissed, as it alleges Sixth Amendment violations by the Defense Counsel Defendants.  *See* Dkt. No. 1 at 22.  Additionally, Defendants Charpentier, Reindeau, Farrell, Mcgahan and Applebe are the only defendants named in the fourth and fifth causes of action.  *See* Dkt. No. 1 at 12-15.  Because the claims against all of these attorney defendants are dismissed, as Defendant Charpentier is entitled to prosecutorial immunity and the Defense Counsel Defendants are not state actors, the fourth and fifth causes of action, which allege conspiracy to present false evidence to the grand jury, are also dismissed.

Plaintiff's first and second causes of action allege that Defendants Shattick, Yerdon, Tate, Merria, Burdette, Anderson, and Bigwarfe violated his Fourth Amendment right to be free from unreasonable search and seizure, and that such defendants failed to intervene in the Fourth Amendment violations. *See* Dkt. No. 1 at 7-10. Magistrate Judge Stewart recommends that Plaintiff's first and second causes of action survive initial review and should be permitted to proceed. *See* Dkt. No. 11 at 7-8. The parties do not object to this recommendation and the Court, finding no error, adopts Magistrate Judge Stewart's recommendation that the first and second causes of action survive initial review.

### *3. Deliberate Indifference*

Plaintiff's third and sixteenth causes of action allege that Defendants Shattick, Yerdon, Tate, Merria, Burdette, Anderson, Bigwarfe, Harper, Amos, Mayo, Scott, Clancy, Kerrigan, and Nurse 1-100 were deliberately indifferent to his medical needs. *See* Dkt. No. 1 at 10-11, 22-23. Magistrate Judge Stewart recommends that Plaintiff's third and sixteenth causes of action survive initial review and should be permitted to proceed. *See* Dkt. No. 11 at 8. The parties do not object to this recommendation and the Court, finding no error, adopts it.

### *4. Municipal Liability*

Plaintiff alleges, through what is labelled his sixth cause of action, that the Sheriff's Department and St. Lawrence C.C.F. are subject to municipal liability, pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See* Dkt. No. 1 at 15. Magistrate Judge Stewart recommends that: (1) St. Lawrence C.C.F. be dismissed with prejudice, as the correctional facility is not a distinct entity from the County, and, thus, is not a proper party to a Section 1983 claim; and (2) because Plaintiff has not identified a purported policy, practice, or custom which caused his alleged constitutional violations, that the sixth cause of action be dismissed with leave to

11

replead against St. Lawrence County. *See* Dkt. No. 11 at 9, n.5. Through his objections, Plaintiff

seeks to amend his sixth cause of action. *See* Dkt. No. 14 at 1-14.

For the reasons previously discussed, Plaintiff cannot amend his complaint through his

objections to the R&R. *See Lombardi*, 2017 WL 1102678, at *3. As for Magistrate Judge

Stewart's recommendation that the sixth cause of action be dismissed with leave to replead as

against St. Lawrence County, the Court reviews the recommendation *de novo* and adopts it as

modified as follows.

To hold a municipality liable, a plaintiff "must show the following: '(1) actions taken

under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4)

damages; and (5) that an official policy of the municipality caused the constitutional injury.'"

*Maddox v. City of Syracuse*, No. 5:14-CV-1068, 2017 WL 680439, *3 (N.D.N.Y. Feb. 21, 2017)

(quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir 2008)) (additional citation omitted).

However, absent an independent constitutional violation, a municipality cannot be held liable

under § 1983. *See Monell*, 436 U.S. at 694 ("A local government may not be sued under § 1983 .

. . [unless the] official policy [is] . . . the moving force of the constitutional violation"); *City of

Canton v. Harris*, 489 U.S. 378, 385 (1989) ("Thus, our first inquiry in any case alleging

municipal liability under §1983 is the question whether there is a direct causal link between a

municipal policy or custom and the alleged constitutional deprivation").

Federal courts apply state law to determine whether an entity has capacity to be sued. *See*

Fed. R. Civ. P. 17(b). "Under New York law, a county is a municipal corporation capable of

bringing suit and being sued." *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (citing

N.Y. Gen. Mun. Law § 2)). However, a sheriff's department or a police department is an

administrative arm of the municipal corporation and does not have a separate identity from the

municipality. *See id.*; *Long v. City of Orleans*, 540 F. Supp. 3d 344, 350 (W.D.N.Y. 2021). Because a sheriff's department "does not exist separate and apart from the municipality and does not have its own legal identity," it cannot sue or be sued. *Baker*, 42 F. Supp. 2d at 198; *see Jenkins v. Onondaga Cnty. Sheriff's Dep't*, No. 5:12-CV-855, 2012 WL 4491134, *2 (N.D.N.Y. June 28, 2012) ("[U]nder New York law, departments, like the Onondaga County Sheriff's Department, that are merely administrative arms of a municipality, do not have a legal identity separate from the municipality and may not sue or be sued"). For these same reasons, a county correctional facility cannot be sued under Section 1983. *See Miles v. Albany Corr. Facility*, No. 9:09-CV-1279, 2010 WL 3946956, *1 (N.D.N.Y. Sept. 16, 2010), *report and recommendation adopted*, 2010 WL 3940956 (N.D.N.Y. Oct. 6, 2010) (finding that "the Albany Correctional Facility cannot be sued under 42 U.S.C. § 1983"). Therefore, the causes of action brought against the Sheriff's Department and St. Lawrence C.C.F. are dismissed with prejudice.

Furthermore, the Court agrees with Magistrate Judge Stewart that, in his complaint, Plaintiff fails to clearly identify an unconstitutional policy that would support a claim for municipal liability. *See* Dkt. No. 11 at 9; Dkt. No. 1. Now, in his objections, Plaintiff raises various conditions that he believes constitute unconstitutional policies, practices, or customs of St. Lawrence County. *See* Dkt. No. 14 at 8-14 (alleging unconstitutional use of certain restraints, unlawful administration of controlled substances to incarcerated individuals, deprivation of outdoor recreation for pre-trial detainees, "toxic gas" emanating from shower drains at the correctional facility, and arbitrary and extended periods of segregated confinement). Plaintiff argues that these alleged policies violate New York Correction Law §§ 500-c and 137, Article 1 § 6 and § 11 of the New York State Constitution, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. *See id.* However, Plaintiff's new and re-hashed

allegations do not present cognizable objections to the R&R. *See Ross v. Dempsey Unif. & Linen Supply*, No. 3:16-CV-1208, 2017 WL 1207832, *1 (N.D.N.Y. Mar. 31, 2017), *aff'd*, 739 Fed. Appx. 59 (2d Cir. 2018) (finding objections insufficient to alter report and recommendation because the "plaintiff simply states general legal principles, and repeats his allegations against the named defendants"). Accordingly, the Court adopts Magistrate Judge Stewart's recommendation that the sixth cause of action be dismissed without prejudice, that St. Lawrence C.C.F. and the Sheriff's Department be dismissed with prejudice, and that Plaintiff be granted leave to amend his municipal liability allegations as against St. Lawrence County. S*ee* Dkt. No. 11 at 9.

### 5. *Supervisory Liability*

The seventh cause of action in Plaintiff's complaint seeks to hold Defendants Brook, Bigwarfe, Anderson, Harper, and Amos liable because "holding and acting in their respective positions as supervisors[, they] were aware of each constitutional violation and chose not to act." Dkt. No. 1 at 16. Magistrate Judge Stewart recommends that the seventh cause of action be dismissed because these Defendants "cannot be held liable simply by virtue of their supervisory position . . . [and] each is named as a Defendant with respect to their own involvement in individual events." Dkt. No. 11 at 10. Plaintiff objects to the dismissal of and "re-pleads and seeks reinstatement" of his seventh cause of action. Dkt. No. 14 at 15. After conducting its own *de novo* review of this section of the R&R, the Court agrees with Magistrate Judge Stewart.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.'" *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "'To establish a violation of [Section] 1983 by a supervisor, as with

everyone else, . . . the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1327-28 (10th Cir. 2010)). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

With this well-established legal principle in mind, the Court adopts Magistrate Judge Stewart's recommendation that Plaintiff's seventh cause of action, which alleges only that the named Defendants should be held liable by virtue of their positions as supervisors, should be dismissed with prejudice. Plaintiff may include allegations regarding any of the Defendant's *own individual violations* of his constitutional rights in his amended pleading.

## G.   The ADA and RA

Plaintiff alleges, in his eighth cause of action, that seventeen individual Defendants acted in violation of the ADA and RA. *See* Dkt. No. 1 at 17-18. Magistrate Judge Stewart recommends that this cause of action "be dismissed with prejudice as to the individual Defendants, but that Plaintiff be permitted to replead those claims against a proper party." Dkt. No. 11 at 10-11. Plaintiff "seeks the Court's help in identifying the appropriate defendant for this claim." Dkt. No. 14 at 43.[7]

Neither the ADA nor the RA "provides for individual liability." *Dees v. Zurlo*, No. 1:24-CV-1, 2024 WL 2291701, *16 (N.D.N.Y. May 21, 2024) (quotation and quotation marks

---

[7]   Plaintiff also requests that the Court subpoena evidence from "the Global Tel Link messaging app" and recorded phone calls. Dkt. No. 14 at 41. Now is not the appropriate time to exercise the Court's subpoena powers. Plaintiff will have the opportunity to engage in the discovery process in due course.

omitted).  Indeed, "'[i]t is well-established that there is no individual liability under the ADA or the [RA], whether the individual is sued in their official or individual capacity.'"  *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) (quoting *Perros v. Cnty. of Nassau*, 238 F. Supp. 3d 395, 402 n.3 (E.D.N.Y. 2017)).

"Title II of the ADA prohibits a 'public entity' from discrimination against a 'qualified individual with a disability.'"  *Pascual v. N.Y. State*, No. 2:24-CV-6723, 2024 WL 5046675, *5 (E.D.N.Y. Dec. 9, 2024) (quoting 42 U.S.C. § 12132).  "A 'public entity' includes 'any State or local government.'"  *Id.* (quoting 42 U.S.C. § 12131(1)(A)).  Accordingly, counties have been found to be public entities capable of being sued under the ADA.  *See id.* (finding Suffolk County to be a public entity as defined by the ADA).

For these reasons, the Court adopts Magistrate Judge Stewart's recommendation that the seventh cause of action be dismissed as against the individual Defendants and Plaintiff is granted leave to replead his ADA and RA claims as against a proper party.

**H.    Sections 1985 and 1986**

Plaintiff brings his ninth and tenth causes of action pursuant to 42 U.S.C. §§ 1985 and 1986, alleging that certain Defendants engaged in a conspiracy to deprive him of his constitutional rights.  *See* Dkt. No. 1 at 19-21.  Magistrate Judge Stewart recommends dismissal of the ninth and tenth causes of action, with leave to amend, because Plaintiff has failed to state a claim.  *See* Dkt. No. 11 at 11.  Specifically, Magistrate Judge Stewart recommends dismissal because Plaintiff does not allege that the conduct by Defendants was motivated by racial or other class-based animus, as required to state a claim under Section 1985 and, as a result, Plaintiff has also failed to state a claim pursuant to Section 1986 because such claim must be predicated on a valid Section 1985 claim.  *See id.*  Plaintiff asserts no specific objection this recommendation and

merely states that his tenth cause of action "should not be dismissed" because he "needs attorney to assist him in prosecuting" his fourth (as well as his tenth) cause of action.  Dkt. No. 14 at 39. Exercising its discretion to review this section of the R&R *de novo*, the Court adopts the recommendation that the ninth and tenth causes of action be dismissed with leave to amend.

> To state a valid conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must show:

>> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (citing *Britt v. Garcia*, 457 F.3d 264, 270 n.4 (2d Cir. 2006)).  "Further, a plaintiff must allege . . . that the conspiracy was motivated by some class-based animus."  *L.K. v. Sewanhaka Cent. High Sch. Dist.*, 641 Fed. Appx. 56, 59 (2d Cir. 2016) (citing *Cine SK8, Inc.*, 507 F.3d at 791).  And, because Section 1986 claims are predicated on a valid Section 1985 claim, courts evaluate these claims together.  *See id.* (citing *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000)).

There are no allegations in Plaintiff's complaint that Defendants' alleged conduct was motivated by some class-based animus.  *See* Dkt. No. 14.  Therefore, the Court adopts Magistrate Judge Stewarts recommendation that the ninth and tenth causes of action, brought pursuant to Sections 1985 and 1986, be dismissed with leave to amend.  *See* Dkt. No. 11 at 11.

## I.    State Law Claims

Plaintiff asserts, against all Defendants, claims under New York law for negligent infliction of emotional distress, intentional infliction of emotional distress, and negligence—his eleventh, twelfth, and thirteenth causes of action.  *See* Dkt. No. 1 at 21.  Magistrate Judge Stewart

recommends dismissal of these causes of action, with leave to replead, because Plaintiff has not made the proper showing, pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 11 at 12. Specifically, Magistrate Judge Stewart recommends dismissal because "the broad assertion that all [Defendants] are liable for these state law torts without any explanation of how each is alleged to have committed the torts is not permissible." *Id.* Plaintiff objects to the dismissal of his state law claims, requests the appointment of *pro bono* counsel, and seeks to amend his eleventh, twelfth, and thirteenth causes of action through his objections to the R&R. *See* Dkt. No. 14 at 46-53.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). "The purpose of this Rule 'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)) (other citations omitted).

Plaintiff has failed to show how each Defendant is liable for the state law claims alleged. *See* Dkt. No. 1 at 22. As Magistrate Judge Stewart notes, "[t]he various Defendants are accused of a variety of misconduct over a span of time elsewhere in the Complaint and the broad assertion that all are liable for these state law torts without any explanation of how each is alleged to have committed the torts is not permissible." Dkt. No. 11 at 12. For these reasons, the Court adopts the recommendation that the eleventh, twelfth, and thirteenth causes of action be dismissed with leave to replead. *See id.*

**J.    Motion for Appointment of Counsel**

Magistrate Judge Stewart denied Plaintiff's motion for the appointment of counsel, with leave to renew at a later stage of this action. *See id.* at 12-14. Throughout Plaintiff's objections, he requests that the Court alter Magistrate Judge Stewart's denial of his motion and appoint him counsel. *See, e.g.*, Dkt. No. 14 at 39, 46.

"Unlike criminal defendants, IFP plaintiffs bringing civil actions have no constitutional right to the appointment of counsel." *Brown v. Utica Police Dep't*, No. 6:17-CV-1190, 2017 WL 5514518, *4 (N.D.N.Y. Nov. 16, 2017) (citing *Wali v. One Source Co.*, No. 07-7550, 2009 WL 3170110, *1 (S.D.N.Y. Sept. 30, 2009)). "'Appointment' of counsel in a civil action involves the court requesting an attorney to represent an IFP party pro bono under 28 U.S.C. § 1915(a)(1)." *Id.* (citation omitted). In determining whether to make such a request for the indigent party, courts carefully consider a number of factors. *See id.* (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)).

The Court agrees with Magistrate Judge Stewart's denial of Plaintiff's motion to appoint counsel, particularly in light of the early stage of this action. *See* Dkt. No. 11 at 12-14; *see also Gervasio v. Diaz*, No. 9:20-CV-0346, 2020 WL 3496423, *2 (N.D.N.Y. June 29, 2020) ("The Court is still not aware of any special reason why appointment of counsel at this early stage of the proceeding would be more likely to lead to a just determination of this litigation").

## K.    Leave to Amend

Finally, Magistrate Judge Stewart recommends dismissing, with prejudice, the claims against Defendants Storie, Charpentier, Reindeau, Farrell, Mcgahan, and St. Lawrence C.C.F., as well as Plaintiff's fourth, fifth, seventh, fourteenth, fifteenth, and seventeenth causes of action, and all Eighth Amendment claims. *See* Dkt. No. 11 at 14. However, Magistrate Judge Stewart recommends dismissing Plaintiff's sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth

causes of action with leave to amend.  *See id.*  The Court finds no error with this portion of the

R&R.

　　In Plaintiff's objections, he specifically asks the Court to allow him leave to amend his

complaint.  *See* Dkt. No. 14 at 1, 58.  It is true that "[w]hen a *pro se* complaint fails to state a

cause of action, the court generally 'should not dismiss without granting leave to amend at least

once when a liberal reading of the complaint gives any indication that a valid claim might be

stated.'"  *Robinson v. Hallett*, No. 5:19-CV-406, 2020 WL 1227142, *4 (N.D.N.Y. Mar. 13, 2020)

(quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  However, courts routinely deny

an opportunity to amend where a claim is barred on immunity grounds because amendment would

be futile.  *See Humphrey v. Ct. Clerk ex rel. U.S. Sup. Ct.*, No. 5:11-CV-938, 2011 WL 7112904,

*4 (N.D.N.Y. Aug. 12, 2011) ("Because the defendant would be entitled to absolute immunity,

this court recommends dismissal with prejudice of plaintiff's action").  Similarly, where an entity

is not a person acting under the color of law, a Section 1983 claim cannot be stated.  *Guillory v.*

*Bishop Nursing Home*, No. 5:21-CV-410, 2021 WL 2431259, *3 (N.D.N.Y. June 15, 2021)

("Because Plaintiff failed to plausibly allege that the named Defendants acted under color of state

law, Magistrate Judge Baxter correctly determined that the complaint fails to state any claims for

relief under Section 1983. . . .  Moreover, Magistrate Judge Baxter correctly determined that leave

to re-plead should be denied").

　　As such, the Court agrees with Magistrate Judge Stewart that the claims against

Defendants Storie, Charpentier, Reindeau, Farrell, Mcgahan, and St. Lawrence C.C.F., along with

Plaintiff's fourth, fifth, seventh, fourteenth, fifteenth, and seventeenth causes of action, and all

Eighth Amendment claims, should be dismissed with prejudice and without leave to amend.  *See*

Dkt. No. 11 at 14.  Additionally, the Court modifies the R&R, dismissing the claims against

Defendant Sheriff's Department, with prejudice and without leave to amend, for the reasons previously stated. The Court also agrees that Plaintiff should have the opportunity to amend his sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action because it is possible that Plaintiff could cure deficiencies in his pleading. *See id.*

If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claims, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. The revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Wright*, 21 F.3d at 501. Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 118-19 (N.D.N.Y. 2023).

## IV. CONCLUSION

After carefully considering the R&R, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's R&R (Dkt. No. 11) is **ADOPTED as modified** herein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 1) is **DISMISSED without prejudice and with leave to amend** as to Plaintiff's sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Storie, Charpentier, Reindeau, Farrell, Mcgahan, St. Lawrence C.C.F., and the Sheriff's Department are **DISMISSED with prejudice and without leave to amend**; and the Court further

21

**ORDERS** that Plaintiff's fourth, fifth, seventh, fourteenth, fifteenth, and seventeenth causes of action, as well as, all Eighth Amendment claims, are **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's first, second, third, and sixteenth causes of action survive initial review and are permitted to proceed; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 19, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

22